■■■ In the Matter of DANIEL G. MARTIN, Appellant, v DIANE M. MARTIN, Respondent. [801 NYS2d 851]—

Appeal from an amended order of the Family Court, Seneca County (Dennis F. Bender, J.), entered April 20, 2004 in a proceeding pursuant to Family Court Act article 4. The amended order, insofar as appealed from, denied in part the objections of petitioner to an order of the Support Magistrate, dated January 5, 2004, which, after a hearing, set petitioner's child support and maintenance obligations.

It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously modified on the law by granting objection No. 3 in part and providing that reduced maintenance shall continue until September 20, 2005 and as modified the amended order is affirmed without costs.

Memorandum: Petitioner commenced this proceeding seeking to modify the judgment of divorce by, inter alia, terminating the award of maintenance. Petitioner alleged that he was involuntarily terminated from his employment and thus that there was the requisite change in circumstances to warrant the modification. Petitioner was employed at the time of the hearing on the petition, but his income was less than respondent's income. Although the Support Magistrate reduced the amount of maintenance, he directed that maintenance "shall continue pursuant to the terms set forth in the [judgment of] divorce," i.e., until April 15, 2007, unless an event set forth in the judgment of divorce occurred prior to that date and thereby triggered the termination of petitioner's maintenance obligation. Family Court granted in part petitioner's objections to the order of the Support Magistrate by further reducing the amount of maintenance.

Pursuant to the parties' judgment of divorce, the obligation of petitioner to pay maintenance would terminate upon, inter alia, his involuntary termination from employment, but the judgment further provided that, in that event, respondent could nevertheless "make application to a court of competent jurisdiction for a determination of [petitioner's] obligation to continue to pay maintenance to her." At the hearing on the petition, the Support Magistrate ascertained that respondent, who was proceeding pro se, wished to "have [maintenance] reviewed and decreased if need be, not eliminated." Contrary to petitioner's contention, respondent demonstrated the need for reduced maintenance to continue although, as respondent correctly concedes, she demonstrated such need only until September 20, 2005, the date of her younger child's 22nd birthday. We therefore modify the amended order accordingly. Present—Hurlbutt, J.P., Scudder, Smith, Pine and Hayes, JJ.